UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS D. WILLIAMS,

Plaintiff,

v.

SAMUEL D. SOMERS, Jr., et al.,

Defendants.

No. 2:18-cv-2773-EFB P

ORDER

Plaintiff, a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint (ECF No. 1) concerns his January 26, 2018 arrest by the Sacramento Police Department. In addition to naming the arresting officers and Chief of Police as defendants, plaintiff names several judges and attorneys in the Sacramento County District Attorney's Office. *Id.* at 1-2. Plaintiff claims that the arresting officers lacked probable cause and conspired to arrest

him because he is black, in violation of his right to equal protection. *Id.* at 9. He also claims that his due process rights were violated when judges of the Sacramento County Superior Court ruled in favor of the Sacramento County District Attorney's Office and denied plaintiff's request for bail. *Id.* at 4. As relief, he requests that the charges against him be dropped, that he be immediately released from the Sacramento County Main Jail, and that he be awarded monetary damages. *Id.* at 3, 7. Plaintiff's complaint cannot survive screening because it seeks relief only available in habeas corpus proceedings and names defendant prosecutors and judges who are immune from suit.

First, to the extent plaintiff claims that he was unlawfully arrested and confined to the Jail, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, (1994). *Heck* holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). And since plaintiff's request for relief includes a demand that he be released from custody, his claim must be brought in a habeas action. *See Nettles v. Grounds*, 830 F.3d 922, 927-931 (9th Cir. 2016) (claims which would result in immediate release if successful fall within core of habeas corpus; claims which would not necessarily affect the length of time to be served if successful fall outside core of habeas corpus and must be brought, if at all, under § 1983).

Second, prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). This extends to prosecutorial conduct during pretrial proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("We have not retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.").

The defendant judges too, are immune from plaintiff's suit because the claims against them are based on acts performed in their capacities as judges. *See Ashelman v. Pope*, 793 F.2d

3

1072, 1078 (1986) (holding that "a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors").

Leave to Amend

Plaintiff may choose to amend his complaint. In an amended complaint, plaintiff may be able to further clarify his claims against the arresting officers, which, as currently drafted, are too vague and conclusory to support a cognizable claim for relief.

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual

4

background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint **is as legible as possible**.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Sacramento County Sheriff filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and

4. Failure to comply with this order may result in dismissal of this action.

DATED:  May 22, 2019.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE